**No. 61736.**—Gallagher & Ascher Company *v.* United States, protest 294197–K/ 8225 (Chicago).

FORD, Judge: This case presents for determination the proper classification of certain imported merchandise, described on the invoice as "1 Tape-Machine with 2 drying reels, Supports, Transport pouleys, Drive parts, Steel frame." The collector classified said merchandise as a "Textile finishing machine" and levied duty thereon at the rate of 20 per centum ad valorem under paragraph 372 of the Tariff Act of 1930, as modified by the General Agreement on Tariffs and Trade, 82 Treas. Dec. 305, T. D. 51802. Plaintiff claims said merchandise to be properly dutiable at 15 per centum ad valorem under said paragraph 372, as modified, *supra*, as textile machinery, finished or unfinished, not specially provided for, "Other," or at the rate of 13¾ per centum ad valorem under said paragraph 372, as modified by the Torquay Protocol to said general agreement, 86 Treas. Dec. 121, T. D. 52739, as machines, finished or unfinished, not specially provided for, "Other."

The record consists of a sample of gift wrapping tape made by the machine in question, marked illustrative exhibit 1, a pictorial representation of the machine, exhibit 2, and the testimony of one witness. According to the testimony of this witness, the machine in question consists of drying reels which revolve and upon which a wet tape is fed for the sole purpose of drying it. The tape comes off the reels in the same form as it went on the reels, except in a drier condition. This tape is used primarily by housewives for gift wrapping and is never used for weaving, knitting, sewing, or for textile producing.

The subject machine is a drying reel on which there are moving bands; these bands are moved by gears driven from one master drive which, in turn, is driven by a chain which rotates the whole thing. As it rotates, the bands move across the face of the reel and the tape travels on the band; this machine merely takes some of the moisture out of the glue by subjecting the tape to hot air, which is blown across the bottom of the reel.

The above testimony is sufficient to establish that the product of the involved machine, being a wrapping tape, is never used for weaving, knitting, sewing, or for producing textile. The facts in this case bring the subject machine within the holding of the Court of Customs and Patent Appeals in *United States* v. *Columbian Rope Co.*, 22 C. C. P. A. (Customs) 143, T. D. 47110, wherein the court epitomized its decision in the syllabus as follows:

The evidence reviewed and *held* to sustain the finding of the trial court that certain machines and parts thereof, "specially constructed and designed for exclusive use in preparing material to be ultimately made into cordage", "are not commercially as practically adaptable for making yarns", and are, therefore, classifiable as *"all other machines or parts thereof"*, under paragraph 372, Tariff Act of

1922, and not as *"all other textile machinery or parts thereof, finished or unfinished, not specially provided for"*, under the same paragraph. * * * [Italics quoted.]

In support of its contention, plaintiff, in its brief filed herein, cites us to the cases of *Graemiger Bros., Inc.* v. *United States*, 12 Cust. Ct. 48, C. D. 829; *Dean & Sherk Company, Inc.* v. *United States*, 28 Cust. Ct. 186, C. D. 1408; *United States* v. *Asten Hill Mfg. Co.*, 25 C. C. P. A. (Customs) 123, T. D. 49243; *United States* v. *Samuel Shapiro & Co.*, 18 C. C. P. A. (Customs) 165, T. D. 44374; and *United States* v. *Columbian Rope Co.*, 22 C. C. P. A. (Customs) 143, T. D. 47110.

The following is quoted from the *Graemiger Bros.* case, *supra*:

Fairly summarized, the judicial authorities would seem to include within the term textile machinery (1) mechanisms which produce textile fibers, yarns, materials, or articles; (2) devices which improve such fibers, yarns, or materials *per se*; and (3) machines which perform any step in the process of producing a textile material or textile article, whether or not the step itself is a manufacturing operation. Conversely, the term would not include machines the sole function of which is to make rope or other non-textile articles from textile materials. * * *

Based upon the established facts and following the cited authorities, we hold the subject merchandise to be properly dutiable at the rate of 13¾ per centum ad valorem under paragraph 372 of the Tariff Act of 1930, as modified by T. D. 52739, as alleged by the plaintiff.

To the extent indicated, the specified claim in this suit is sustained; in all other respects and as to all other merchandise, all the claims are overruled. Judgment will be rendered accordingly.